JOHN PETRUCK, Plaintiff-Appellee, *v.* TED JANKA, Defendant-Appellant.

First District (4th Division)    No. 62761

Opinion filed May 11, 1978.

Thomas A. Hett and Serpico, Novelle, Dvorak, Navigato & Hett, Ltd., both of Chicago, for appellant.

William F. Rickelman, of Farwell, Rickelman & Proteau, of Oak Park, for appellee.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from the circuit court of Cook County. The plaintiff, John Petruck, filed an action for an accounting of the partnership he and the defendant, Ted Janka, had operated for some five years. The plaintiff received a judgment for $26,974.74. The defendant appeals from that judgment.

■■ Both parties agree the only question presented on appeal is whether or not the judgment is against the manifest weight of the evidence. A judgment is against the manifest weight of the evidence if the opposite conclusion is evident. *White v. Checker Taxi Co.* (1974), 18 Ill. App. 3d 29.

The facts of the case are in the spring of 1961, the plaintiff and the defendant began a partnership in the furniture business. They operated under a number of names. There was an agreement the profits and losses were to be equally divided. The partnership terminated, after an argument between the plaintiff and the defendant over finances, in June of 1966. At trial, there was an agreement the plaintiff spent 95% of his time

outside the store acquiring customers, measuring, cutting, etc.; the defendant spent 95% of his time inside the store, managing the store, keeping the books and records, and selling off the floor.

After the breakup of the partnership, the inventory of the partnership disappeared, and a number of the checks and the checkbooks which were under the control of the defendant disappeared, although some of the records were found in the garbage at the rear of the store by the plaintiff. The trial court appointed a certified public accountant to audit what remained of the books and records of the partnership. The defendant admitted at trial, the primary records of the partnership were the checkbooks admitted into evidence at trial and examined by the court-appointed auditor. From the checkbooks and the stubs admitted into evidence, it is apparent 86% of the records of the partnership were admitted into evidence and audited by the accountant. The remaining 14% are lost. It is not challenged by the defendant the records of the partnership were solely under his care and control.

The trial court held a long and lengthy hearing in which both sides were permitted to present everything they wished to present, to show the court how the partnership was operated. The partners also had the opportunity to hear the results of the court-appointed audit and to cross-examine the court-appointed auditor.

■■ It is clear to this court the trial court had the benefit of the testimony of both parties and the audit of a certified public accountant before it reached its decision. Having examined the evidence presented in the court below, and having carefully examined the reasoning of the trial judge which was very carefully explained by him, before he gave his decision, it is clear the judgment of the trial court was in accord with all of the evidence presented to him and clearly was the correct decision.

Accordingly, for the reasons contained herein, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JOHNSON, P. J., and LINN, J., concur.